### WILLOUGHBY *against* RAYMOND.

Where the plaintiff, in an action of *assumpsit*, for the use and occupation of land, stated the execution of a writing stipulating the payment of a certain sum, and recited it in the declaration ; it was held, that such writing was admissible to prove the execution of it, and its terms, though it should not, in other respects, support the declaration.

Where the declaration, in an action of *assumpsit* for the use and occupation of land, stated, that the defendant occupied the land from the 5th of *April*, 1817, to the 1st of *April*, 1820, and having so occupied the same, did, on said first day of *April*, 1820, become indebted to the plaintiff in the sum of 350 dollars, for the use and occupation thereof, for one year, ending the 1st of *April*, 1820 ; and being so indebted, the defendant, on said 1st day of *April*, 1820, assumed upon himself and promised the

plaintiff to pay to him said sum of 350 dollars, in a reasonable time then
to come ; and the evidence was an express contract in writing to pay
that sum on the 1st of *April*, 1820 ; it was held, that such evidence did
not support the promise stated in the declaration, 1. because the *implied*
undertaking stated, was excluded, by the *express* promise proved ; and
2. because the promise stated was to pay a sum of money *in a reasonable
time then to come*, whereas the promise proved was to pay the money *on
the 1st of April*, 1820.

*Windham,
July,
1821.*

Willoughby
*v.*
Raymond.

This was an action of *assumpsit*, for the use and occupa-
tion of land.    The plaintiff, in his declaration, stated, That
on the 5th of *April*, 1817, the defendant hired of the plaintiff
his farm in *Canterbury*, for the term of three years then to
come ; and in consideration thereof, the defendant, then and
there, gave, executed and delivered to the plaintiff his certain
writing, in the words and figures following, *viz.* "*April* 5th,
1817. Whereas I have this day hired of *Joseph R. Willoughby*,
his farm in *Canterbury*, I hereby agree and promise to pay to
the said *Willoughby*, at the expiration of one year from the 1st
day of *April*, 1817, the sum of 333 dollars, 34 cents ; and
the like sum, on the 1st day of *April*, 1819 ; provided I do
not improve said farm for the term of three years from said
1st of *April*, 1817, and give the said *Willoughby* notice of my
intention to quit the same, on the 1st day of *June*, 1818 : If I
do occupy said farm, during said three years, then, instead of
the aforesaid sums, I promise to pay said *Willoughby* 300 dol-
lars, on the 1st day of *April* 1818 ; 350 dollars, on the 1st day
of *April*, 1819 ; and 350 dollars, on the 1st day of *April*, 1820.
Witness my hand, *Nathaniel L. Raymond*." The plaintiff
then averred, That the defendant did occupy and improve
said farm, for the whole term stated in said writing, *viz.* from
the 5th day of *April*, 1817, to the 1st day of *April*, 1820 ; and
having so occupied and improved said farm, he, the defendant,
did, on the 1st day of *April*, 1820, become indebted to the
plaintiff, in the sum of 350 dollars, for the use and improve-
ment of said farm for one year ending the 1st day of *April*,
1820, agreeably to the contract in said writing ; and being so
indebted, the defendant, on said 1st day of *April*, 1820, assu-
med upon himself, and faithfully promised the plaintiff, to pay
to him the aforesaid sum of 350 dollars, in a reasonable time
then to come.

The cause was tried, on the general issue, at *Brooklyn*,
*January* term, 1821, before *Brainard*, J.

In support of the issue on his part, the plaintiff offered in

*Windham,*
*July,*
*1821.*

*Willoughby*
*v.*
*Raymond.*

evidence the writing recited in the declaration. The defendant objected to its admission ; but the Judge admitted it.

The defendant having admitted the execution of the writing, and that he had occupied the plaintiff's farm three years, as mentioned therein, contended, that such writing did not support the promise laid in the declaration ; and no other evidence of such promise was offered. But the Judge neglected to instruct the jury to that effect ; and they returned a verdict for the plaintiff.

The defendant moved for a new trial, on the ground that the Judge mistook the law in admitting the plaintiff's evidence, and for a material defect in the charge.

*Judson*, in support of the motion, contended, that the writing adduced by the plaintiff did not support the declaration, and ought, therefore, to have been rejected,

1. Because the declaration states a promise, made by the defendant, on the 1st of *April*, 1820 ; whereas the writing shews a promise made on the 5th of *April*, 1817. *Stafford* v. *Forcer*, cited 1 *Stra.* 22. *Esp. Dig.* 136. 2 *Swift's Syst.* 166.

2. Because the promise laid in the declaration is *implied* from the occupation of the land, for the year ending *April*, 1820 ; whereas the writing adduced by the plaintiff, and recited in the declaration, shews an *express* contract, which is still open. A party is never entitled to his remedy on implied *assumpsit*, while there are express stipulations subsisting. When there is an express promise, an implied one is always excluded. *Cutter* v. *Powell*, 6 *Term Rep.* 320. 324,5. *Esp. Dig.* 140.

3. Because the promise laid in the declaration is a promise to pay 350 dollars, *in a reasonable time then to come ;* whereas the writing contained a stipulation to pay that sum, *on the* 1*st day of April*, 1820. *Bristow* v. *Wright* & al. *Doug.* 665. *Churchill* v. *Wilkins*, 1 *Term Rep.* 447. *Leery* v. *Goodson*, 4 *Term Rep.* 687. *Hockin* v. *Cooke*, 4 *Term Rep.* 314. *Pitt* v. *Green*, 9 *East* 188. *Jones* v. *Brindley*, 3 *Esp. Rep.* 205. *Ditchburn* v. *Spracklin* & al. 5 *Esp.* 31. *Clark* v. *Munstone*, 5 *Esp. Rep.* 239. *White* v. *Wilson*, 2 *Bos & Pull.* 116. *Baylies* & al. v. *Fettyplace* & al. 7 *Mass. Rep.* 325. *Saxton* & al. v. *Johnson*, 10 *Johns. Rep.* 418. *Alexander* v. *Harris*, 4 *Cranch* 299. *Smith* v. *Barker*, 3 *Day* 312. *Hughes* & al. v. *Barney* & al. 2 *Conn. Rep.* 704. *Bulkley* & al. v. *Landon* & al. 2 *Conn. Rep.* 404.

*Goddard*, contra, contended, 1. That the writing was properly admitted, as it was precisely conformable to the one stated and recited in the declaration.

2. That the declaration was adapted to a recovery on the express promise contained in such writing. It avers, that "the defendant did, on the 1st day of *April*, 1820, become indebted to the plaintiff in the sum of 350 dollars, for the use and improvement of said farm, for one year ending the 1st day of *April*, 1820, *agreeably to the contract in said writing*." The contract having been previously set forth, in the words of it, the averment that the defendant *agreeably to the contract in said writing*, became indebted, &c. is tantamount to saying, that the defendant, *in and by said writing*, became indebted &c. *Miller* v. *Ward* & al. 2 *Conn. Rep.* 494.

3. That the defendant, at any rate, was not entitled to a new trial, substantial justice having been done. The sum specified in the verdict is justly due to the plaintiff; and he must ultimately recover it. This court will not turn him round, on a technical objection.

HOSMER, Ch. J. The evidence offered in this case was undoubtedly admissible. The writing recited in the plaintiff's declaration was a perfect transcript of it; and the allegation that the defendant executed the writing, by his testimony proved to be authentic, was unquestionably supported.

The judge omitted to instruct the jury, that the above-mentioned writing, the only evidence adduced, did not support the promise laid in the plaintiff's declaration; and in this particular, the proceeding below was manifestly erroneous. The promise averred was incorrect, for two reasons. In the first place, it was an *assumpsit* implied; and the express contract clearly excluded the implication. *Expressum facit cessare tacitum*. Secondly, the promise proved was essentially variant from the one alleged. The allegation was of a promise to pay a sum of money "in a reasonable time then to come"; and the proof was of an express engagement to pay the money on the 1st day of *April*, 1820.

The other Judges were of the same opinion.

New trial to be granted.