## HAYNES v. WOODS.

The common counts in assumpsit not supported by evidence, that defendant had agreed to board plaintiff for a year.

IN Dallas Circuit Court, Haynes declared against Woods in assumpsit for $500, the price of a lot in Selma, sold to him. The declaration contained the other common counts for work, &c. goods, &c. sold, and *quantum valebat* for the lot. Pleas, non assumpsit and statute of limitations; and issues.

Verdict and judgement for defendant.

JANUARY 1827.

Haynes
v.
Woods.

On the trial the plaintiff proved, that he sold to defendant the lot for $105, and twelve months board, to be furnished by defendant to him, in the town of Selma, and that the board was worth $20 per month. He admitted the payment of the $105, and claimed only the price of the board. This being all the testimony offered by the plaintiff, the Court charged the jury, that the contract proved was variant from that stated in the declaration, that the plaintiff was not entitled to recover, and that they must find for the defendant. The plaintiff took a bill of exceptions to the charge, and assigned the matters thereof as error.

H. G. PERRY, for plaintiff in error.

If the contract had been wholly performed on one side, and nothing remained but a debt to be paid on the other, the general form of declaring is sufficient. Haynes had conveyed the lot; Woods had paid $105; twelve months board, amounting to $240, remained to be paid. He failed to furnish the boarding within the time contracted for, and the plaintiff was at liberty to proceed for its value. If the defendant had offered the boarding it should have been shewn by his plea and proof. The decision goes to deprive the plaintiff of the greater part of the price of his lot. A technical and antiquated fiction of law, against the truth of the facts defeats the ends of justice. The matter contracted for was the lot; the manner of payment was a collateral matter, not of the essence of the contract, though the indulgence of the plaintiff to defendant, as to the time and manner of payment, might have been matter of defence. If the count on the *quantum valebat* had stated that the lot was worth $600, would it not have been sustained by proof that defendant had agreed to give $500 for it? Yet this would have been as much proof of a special contract as the proof in the case at bar. For what are material and what immaterial variances, I refer to 2 Barn. & Ald. 301, 335—1 Ch. Pl. 307—2 East 452, 502—3 Cranch 208—2 Mass. 222—7 John. 324.

But the Court charged the jury that *they must find for the defendant.* That there was error in this seems beyond doubt; whether the contract was proved as laid, was matter for the determination of the jury and not of the Court. It appears from the record that the court charged the jury what their verdict should be.

W. CRENSHAW, for defendant in error.

JUDGE WHITE delivered the opinion of the Court.

By the contract as proved, the defendant was to pay the greater part of the price of the lot in boarding. This, from the admission of the plaintiff, was the only part remaining unpaid. This, differs from a payment in money. The defendant could not have performed this part of his contract until the plaintiff had offered to board with him, and it was necessary that the plaintiff should have made this offer to render his right of action complete. If so, it was necessary to prove it, and if necessary to prove it, he should have alleged it in his declaration. But such an averment would have been unintelligible. unless accompanied by a statement of the contract from which his right to demand the boarding arose : the contract then should have been declared on. It was too special to be given in evidence under the common counts.

The judgement must therefore be affirmed.

JUDGE CRENSHAW not sitting.