| 3 | 181 |
| 94 | 191 |

## McLendon v. Godfrey.

1. The plaintiff declared on a written contract, made the 9th July, 1838, to teach an English school *for that year* : the contract produced, was dated of that day, and was a stipulation to teach an English School *for one* year, without stating when it began—*Held*, that the contract given in evidence was variant from that declared on, and consequently inadmissible.

2. *Semble*, parol evidence is admissible to give direction to and apply a written instrument, but not to add to, or vary its terms.

3. Where several persons employed an individual to teach school for them, stipulating if they dismissed him before the term of employment expired, that they would pay him for the time he was engaged—*Held*, that taking the scholars from the school under circumstances to show they were not to be sent back, indicated a willingness to dispense with the teacher's services, and was tantamount to a dismissal.

4. If the plaintiff relies upon an excuse for a failure to perform his contract, he must specially allege it in his declaration; but *it seems*, if he has been prevented from performance under such circumstances as entitle him to recover as much as he would, had he actually performed his contract, he may allege a performance generally.

The defendant in error declared against the plaintiff in assumpsit, in the Circuit Court of Sumter.

THE declaration contains two counts: in the first, it is alleged that the defendant, together with Norris Finley, John Lott and Charles Finley, entered into a written agreement with the plaintiff, bearing date the 9th of July, 1838, by which the plaintiff bound himself to teach an English school for that year, for the defendant and Finley, Lott and Finley; all whom jointly and severally, agreed to pay the plaintiff, the sum of three hundred and fifty dollars, at the expiration of the year, to wit, the year 1838, in case they continued him, and if they should not continue him, to pay him in proportion. The declaration then avers, that the plaintiff's employers did continue him, and that he discharged his duties as a teacher, towards the children of the defendant, &c. in consideration whereof, the "defendant afterwards, to wit, at the expiration of the year, on the last day of the year aforesaid, &c. undertook, and then and there promised him, the said plaintiff, to pay him the said sum of money in said agreement specified, according to its tenor and effect." The declaration then alleges the usual breach.

The second count alleges an indebtedness by the defendant to the plaintiff, in the sum of three hundred and fifty dollars for care, diligence and attendance as a school master, and concludes in usual form.

The defendant pleaded " *non assumpsit,* and the cause was submitted to a jury. On the trial, the defendant excepted to the ruling of the Court, and his bill of exceptions is certified as part of the record.

It appears that the plaintiff offered to read to the jury a writing of the following tenor: " Know all men by these presents, that I, John B. Godfrey, do agree with the undersigned, to teach an English school, for one year, and to do and perform the duties incumbent on me as a teacher, under the direction of the trustees of said school, whose duty it shall be to attend when requested to do so ; whose further duty it shall be to adjust difficulties, should any arise, either with any of said trustees and said teacher, between the said teacher and the larger scholars ; the said teacher to be left to his own judgment in the government of the said school, and we, the said trustees (or employers) do hereby bind ourselves jointly and severally, to pay the said John B. Godfrey, the sum of three hundred and fifty dollars, at the expiration of the year, in case we agree to continue him so long. But should any improper conduct of his, cause us to dismiss him sooner, we then agree to pay him in proportion for the term of his services. Given under our hands, this 9th of July, 1838.

JOHN B. GODFREY, Teacher.

NORRIS FINLEY,  
WM. McLENDON,  } Trustees.  
JOHN LOTT,  
CHARLES FINLEY,

The defendant objected to the reading of this contract as evidence, under the first count of the declaration, because it varied from the contract described in that count ; but the Court overruled the objection, and suffered the writing to go in evidence to the jury; and thereupon the defendant excepted.

The plaintiff then produced a witness, who proved that he commenced teaching the school mentioned in the said contract, under a verbal agreement with the defendant, and the other contracting parties, on the 27th day of February, 1838, and according to a verbal agreement, he was to teach the school for twelve months, but that afterwards, owing to some difficulty

between the parties, the verbal agreement was reduced to writing in July; to the introduction of this evidence under the first count, the defendant objected; because there was a contract in writing, which was declared on, and that it was not competent under the circumstances, to explain or vary it by verbal testimony, and because the verbal evidence embraced a period anterior to the time laid in that count, and varied from the contract therein described. But the Court overruled the objection, and pemitted the evidence to go to the jury; and thereupon the defendant excepted.

It was also proved, that the defendant and John Lott, took their children from the plaintiff's school, some time before he ceased to teach; that his school continued until the 17th day of October, 1838, when by the consent of Norris and Charles Finley, it was discontinued. At the time the plaintiff ceased to teach, he had but four scholars, children of the Finleys. The Court on this proof, instructed the jury, that the consent of the Finleys, that the plaintiff might discontinue his school, (their children being his only scholars) was a sufficient excuse under the contract for his doing so; and that he might recover for the time he taught, according to the contract; to which the defendant excepted.

The defendant then asked the Court to instruct the jury, that the plaintiff could not recover under the first count of the declaration; because it was averred therein, that the plaintiff had continued to teach until the end of the year 1838, when it was proved, that he had quit teaching on the 17th day of October, 1838 ; and because there was no excuse stated, or averred in that count of the declaration, for his ceasing to teach, but the Court refused to give the instruction prayed; whereupon the defendant excepted.

The defendant further requested the Court to charge the jury, the plaintiff could not recover under the first count of the declaration ; because, according to the verbal and written evidence introduced, he was bound to have taught the school twelve months from the 27th day of February, 1838, and he quit teaching on the 17th of October of that year; which instructions the Court refused to give; and the defendant again excepted.

The jury returned a verdict for the plaintiff for one hundred

McLendon v. Godfrey.

and fifty-one dollars damages, and judgment was rendered thereon; whereupon the defendant prosecutes a writ of error to this Court.

J. B. CLARK, for the plaintiff in error.
J. L. MARTIN & HUNTINGTON, for defendant.

COLLIER, C. J.—Where the declaration purports to set out an instrument according to its substance and effect, it is ordinarily sufficient, if the instrument proved, and the one alleged, correspond in all essential particulars. Let us inquire if the writing declared on, and that given in evidence, thus harmonize with each other.

The plaintiff alleges that on the 9th of July, 1838, he entered into a written contract with the defendant and others, to teach an English school for that year. The declaration avers the expiration of the term of the plaintiff's engagement to be the end of that year, and that the defendant then agreed to pay him his entire yearly compensation. The contract produced and given in evidence is, to teach an English school " for one year," without designating from what time the year begins. In the absence of an express stipulation on this point, it is clear that the term of the plaintiff's employment began to run from the time when the contract was entered into. The defendant did not agree to pay the plaintiff for teaching a school " for the year;" had such been the language used, then the engagement would have been limited to the current year. But he undertakes, with the other contracting parties, to pay him, "for one year," which, according to all rules of interpretation, commences on the day intimated, and ends on the 9th July, 1839. It will therefore follow, that the writing given in evidence by the plaintiff, was improperly admitted by the Circuit Judge, as being substantially variant from that declared one. Ferguson v. Harwood, 7 Cranch's Rep. 408; Silver v. Kendrick, 2 N. Hamp. Rep. 160; Query v. Brindlinger, Litt. Select Cases, 87; Lawrence v. Barker, 5 Wend. Rep. 301; Taylor v. Hickman, Litt. Select Cases, 434; Willoughby v. Raymond, 4 Conn. Rep. 130; Curley v. Dean, 4 Conn. Rep. 259; Smith v. Barker, 3 Day's Rep. 312; Crawford, et al. v. Monell, 8 Johns. Rep. 253; Colt. v. Root, 17 Mass. Rep. 229; Bulkley v. Landon, 2 Conn.

Rep. 404; King v. Pippett, 1 T. Rep. 240; Bristow v. Wright, Doug. Rep. 665; Gwinnett v. Phillips, 3 T. Rep. 646.

Parol evidence has been admitted to give direction to and apply a written instrument, but it is not admissible to add to, or vary its terms. 3 Phil. Evi. 1466, *et post.* and cases cited.— The contract adduced at the trial, was sufficiently clear without extrinsic aid, to ascertain the rights and liabilities of the parties; and the admission of parol evidence, so as to give to the writing a retrospective operation, materially changed its import. Its effect was to add to, and even to contradict the instrument, and according to the rule stated, its introduction under the sanction of the Court, was palpably erroneous.

If all the employers of the defendant in error, had taken their children from his school, he would have been left without scholars, and of necessity, must have ceased teaching. Those who did so, indicated that they were willing to dispense with his services, as much as if they had so informed him; and to excuse the non-performance of his contract, it was only necessary to obtain the consent of those who were willing to continue him as a teacher. This conclusion, we think too clear to require argument to prove it. If the scholars were taken from the school in consequence of sickness, or other cause, of a temporary nature, and under circumstances not to show, that their withdrawal was intended to continue for the entire term of the employment; then the defendant would not have been excused without the consent of all his employers, unless he could prove without reference to the appearance of the act, that the intention was to dispense with his services.

In the case before us, the plaintiff alleges in the declaration, the performance of his contract, and seeks to recover the entire sum agreed to be paid him in consideration thereof; while he attempts to show an excuse for its non-performance, so as to entitle himself to recover for the period during which he was actually employed.

It is an acknowledged rule in the law of pleading and evidence, that the *allegata* and *probata* must correspond. Under the influence of this rule, it has been held, that where an averment of performance is necessary, the plaintiff must not only aver, that he was ready, and did all he could to perform his undertaking; and if he relies upon an excuse for a failure

he must allege the particular circumstances• which occasioned a non-performance. Coppice v. Hurnard, 2 Saund. Rep. 129 ; 2 East Rep. 145 ; 1 H. Bla. Rep. 287 ; 4 East Rep. 147. But if the defendant has prevented a performance, under such circumstances as would entitle the plaintiff to recover as much as he would, had the contract been entirely executed on his part, then perhaps it may be unnecessary to allege in the pleading any matter of excuse. 5 B. &. C. Rep. 638 ; 2 D. & R. Rep. 347. See further on this point, Poague v. Richardson, Litt. Select Cases, 134 ; Holt v. Crume, Litt. Select Cases, 499.

This view disposes of the questions of law arising upon the record. We will not inquire whether the defendant in error may not recover for all the time he was engaged in teaching, or what form of declaration is necessary to let in his proof. These are questions which he must determine for himself, at least for the present.

The judgment of the Circuit Court is reversed, and the cause remanded.