## THE MADISON COLLEGE v. BURKE.

1. Upon a note made payable to the " Treasurer of the Manual Labor Institute of South Alabama," a suit cannot be maintained by *Madison College*, without an averment that it is the same corporation, and that the name had been changed since the making of the note, and before the institution of the suit.

2. In such a case, on making the proper proof, a recovery can be had on the money count.

ERROR to the Circuit Court of Wilcox.

Assumpsit by the plaintiff in error, against the defendant in error.   The declaration contains a special count on a note for one hundred dollars, payable to the treasurer of Manual Labor Institute of South Alabama, and also the common counts.

The defendant demurred to the first count of the declaration, which was sustained by the court.

Upon the issue of non-assumpsit to the common counts, the plaintiff offered in evidence, a note of the defendant for $100, payable to the treasurer of the Manual Labor Institute of South Alabama, and having proved the signature, offered to prove that the property in the note was in the plaintiff, by proof of the incorporation by statute of the Manual Labor Institute of South Alabama, and the change of its corporate name, by a subsequent enactment, to that of Madison College, but the court refused to permit the note to be given in evidence. to which the plaintiffs excepted.   And now assigns for error, 1. The judgment on the demurrer.   2. The matter of the bill of exceptions.

G. GAYLE, for plaintiff in error—cited 2 Ala. 699; 1 Lord Ray. 153; Angel & Ames on Cor. 510–11; 3 Burr. 1866; 5 Dane's Ab. 151; 3 Levinz, 237.

SELLARS, contra.

ORMOND, J.—The first count of the declaration is bad, because it does not show any legal title to the note sued on, in the plaintiff.

The allegation is, that the defendant executed a note to "the treasurer of the Manual Labor Institute of South Alabama," but this is no evidence of indebtedness to "Madison College."   The facts were, that after the execution of the note, and before the institution of this suit, the name of the corporation was changed, by an act of the Legislature, to *Madison College*.   The act provides, that the change of the corporate name shall not affect the right of the corporation to recover its debts, or release it from its engagements.   And such would have been the law, if no such reservation had been made, as is shown by the corporation of Colchester v. Seaber, [3 Burr. 1865,] and if the count had contained an allegation of these facts, it would have been good.

But upon this proof, showing the change of the corporate name,

and that the defendant executed the note to the corporation, under its former name, it was entitled to recover under the money count, and for the error of the court in rejectting the testimony, the judgment is reversed, and the cause remanded.