## DUKES v. LEOWIE.

1. Indebitatus assumpsit will lie upon an executed parol contract; and although it is usual to count upon the special contract, and if it be conditional to aver performance of the condition, the common count is sufficient.

Error from the County Court of Perry.

THE plaintiff declared in assumpsit for $225. The declaration contains all the common counts. Plea, general issue. Verdict and judgment for defendant. A bill of exceptions, sealed at the trial, shows these facts: The plaintiff proved by one witness that the defendant had stated to the witness he had purchased of the plaintiff a counter and shelves for a store house, and was to give the plaintiff one hundred and sixty dollars for them. Here the plaintiff closed. The defendant then proved a conversation between the plaintiff and himself, in which plaintiff said to him, "what about the counter and shelves?"—remarking, at the same time to defendant, that he could have them for $170. Defendant refused to give that price, but said he would give $160 for them, provided the plaintiff would take care of them, and keep them until the defendant should build his store house, and would then repair and put them up, which proposition the plaintiff refused to accept, and the parties separated. It was further shown, that the plaintiff still had possession of the counter and shelves, which were put away by him upon his premises. There was no evidence tending to show that the plaintiff had ever delivered, or offered to deliver said articles to defendant.

The court charged the jury, that if they believed there was a contract of sale between the plaintiff and the defendant in relation to said counter and shelves, and that said contract was special and conditional, the plaintiff could not recover on the common counts in the declaration. This charge is assigned for error.

JOHNS, for plaintiff in error.

Indebitatus assumpsit will lie to recover the stipulated price due on a special contract not under seal, where the contract has been executed; and in such a case, it is not necessary to declare on the special agreement, but the common count is sufficient. 1 Chit. Pl. 339, 340, and note; Perkins v. Hart, 11 Wheat. 237; Way v. Wakefield, 7 Verm. R. 223; Bank of Columbia v. Patterson's Adm'r, 7 Cranch, 299; Fel-

low v. Dickinson, 10 Mass. 287. Consequently, the charge of the court, " that if the jury believed that the said contract was special and conditional, the plaintiff could not recover on the common count in the declaration," was clearly incorrect. The jury should have been permitted to inquire, whether the plaintiff had performed the conditions.

No counsel for defendant.

CHILTON, J.—The court below, in its charge to the jury, clearly misconceived the law. There is no principle of pleading better settled, than that *indebitatus assumpsit* will lie to recover upon a contract not under seal, if it has been executed. It is usual to count upon the special contract, and if it be conditional, to aver a performance of the condition ; but the common count is altogether sufficient. See 1 Chit. Pl. 339 ; Fellow v. Dickinson, 10 Mass. R. 287; 11 Wheat. R. 237; 7 Cranch, 299.

But although the charge, as an abstract proposition of law, is incorrect, we must nevertheless institute the inquiry, as to whether the plaintiff in error could have sustained any injury from it. The bill of exceptions informs us that there was no evidence showing *a delivery* of the counter and shelves, or *an offer to deliver*. If the proof had stopped here, we should not feel justified in saying the plaintiff had sustained any injury, for it would be most manifest that the contract was executory—not executed. But the defendant acknowledged he had purchased the property, and for aught that appears, it may have been left with the plaintiff as bailee. We cannot, then, determine that no injury resulted to the party, or that the contract had not been executed. The whole proof is not set out in the bill of exceptions, and we are not allowed to presume that the affirmative charge of the court was abstract. Peden v. Moore, 1 S. & P. 71; Rowland, et al. v. Ladiga, 9 Por. R. 488. The true rule is laid down in Smith v. Houston, 8 Ala. R. 736. It is there stated, " when giving full credit to the plaintiff's proof, it fails to make out such a case as entitles him to recover, a charge to the jury which is erroneous, as the assertion of a legal proposition, furnishes no ground for the reversal of a judgment against

him." In such case, it is obvious that the court must be in possession of all the facts, and must be able to determine, as upon a demurrer to the proof, that the party complaining of the improper charge has no right to recover. See Armstrong v. Tate, 8 Ala. Rep. 635; Armstead v. Thomas, 9 Ib. 586.

For the error in the charge given to the jury, the judgment is reversed, and the cause remanded.