VINCENT vs. ROGERS.

[ACTION UNDER CODE FOR MONEY HAD AND RECEIVED.]

1. *Conflict between judgment entry and bill of exceptions.*—Where there is a conflict between the judgment entry and the bill of exceptions, the latter must control the former.
2. *Exception necessary in case of nonsuit.*—Where the plaintiff is compelled to take a nonsuit, by the adverse rulings of the court on either the pleadings or evidence, the appellate court will only revise the rulings to which exceptions were reserved.

3. *Difference between common and special counts.*—A special count is necessary, where the plaintiff claims damages for the non-performance of an executory agreement, and the breach sounds in damages merely ; but where the claim is merely of a pecuniary nature, and is founded on an executed consideration, the common *indebitatus* counts are sufficient.

4. *When assumpsit lies against trustee or bailee.*—Where money is deposited in the hands of a trustee or bailee, for the use and benefit of a minor, under a contract authorizing him to defray out of it the charges of her schooling, clothing, and other probable expenses which he might deem necessary, the minor may, on attaining majority, maintain an action against him for money had and received, if a balance has been ascertained against him on settlement, or if he never entered on the discharge of the duties imposed on him by the contract ; but, if such trustee assumed the fiduciary duties which devolved on him under the contract, and has never had a settlement of accounts with the beneficiary, an action at law cannot be maintained.

5. *Averment and proof of negative.*—Where plaintiff in assumpsit declares on a special contract, by which defendant received money in trust for her use and benefit, and which authorized him to retain for certain probable expenses to be incurred by him for her, the declaration must aver that the defendant incurred no expenses, or show an excuse for the omission of such averment ; but the burden of proof as to such expenses is on the defendant.

APPEAL from the Circuit Court of Autauga.
Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by Sarah J. Vincent against Mills Rogers, and was founded on a writing which was in these words :

"Washington, Ala., January 1, 1844.
"This is to certify, that Joseph H. Vincent deposited in my hands four hundred dollars on the 1st May, 1842, for the use and benefit of Sarah J. Vincent, to be kept for her use and benefit; which amount of money is to bear the lawful interest of eight per cent. *per annum*. And it is agreed, at the same time, that I am to furnish the said Sarah J. Vincent what amount of clothing, schooling, and other probable expenses, as I may think necessary, and am to be allowed of said expenses to be deducted from the said deposit of four hundred dollars in my hands."
                    (signed)   "MILLS ROGERS."

The original complaint contained only a single count, for money had and received by defendant, to and for plaintiff's use; but it was afterwards amended, by the addition of the following counts :

"Plaintiff also claims of defendant another sum of

$400, due by agreement made on the 1st January, 1844, between defendant and Joseph H. Vincent, which agreement is substantially as follows," &c., (setting out the contract above copied;) "which sum of money, with interest, is now due, and is the property of plaintiff, and has been demanded of defendant, to-wit, on the 1st May, 1853, who refused, and still refuses to pay the same.

"Plaintiff also claims of defendant another sum of $400, had and received by defendant, to and for plaintiff's use, on, to-wit, 1st May, 1842, under the agreement following," &c. "Plaintiff avers, that said money is her property, and that she has demanded the same of defendant, who has failed and neglected to pay her the same, and still fails and refuses.

"Plaintiff also claims of defendant another sum of $400, due to her by an instrument in writing made by defendant on the 1st January, 1844, with interest thereon, which instrument is in words and figures substantially as follows," &c., "which sum of money, with the interest thereon, is hers; and plaintiff avers, that when said sum of money was *there* (?) deposited, and when said instrument was made, she was a minor, under twenty-one years of age; that she became and was of age before this suit was instituted; and that after she became and was twenty-one years of age, she demanded of defendant said sum of money, with the interest thereon, to-wit, on the 1st May, 1853, who refused to pay the same, or any part thereof, and still refuses.

"And plaintiff claims of defendant the further sum of $400, due to her by virtue of an instrument in writing, made by defendant on 1st January, 1844, which is substantially as follows," &c., "with interest thereon; which sum of money, due as interest on said $400, is the property of plaintiff; and plaintiff avers, that when said sum of money was thus deposited, and when said instrument was made, she was a minor, under twenty-one years of age; that she became and was of age before this suit was instituted; and that after she became of lawful age, to-wit, on the 1st May, 1853, she demanded of defendant

31

said sum of money, first mentioned as aforesaid, as interest due on said $400, who refused to pay the same, or any part thereof, and still refuses."

A demurrer was sustained to each count of the amended complaint, on the ground that the contract declared on would not support an action at law, and that there was no sufficient averment of a demand. The judgment entry recites, that plaintiff took a nonsuit on account of this ruling of the court; but the bill of exceptions states, that the nonsuit was taken in consequence of the ruling of the court in excluding from the jury the written instrument above set out.

The errors assigned are, the sustaining of the demurrer to the amended complaint, and the exclusion of the evidence.

ELMORE & YANCEY, and WM. H. NORTHINGTON, for the appellant.

WATTS, JUDGE & JACKSON, and BYRD & PARSONS, *contra.*

STONE, J.—The judgment entry recites, that the circuit court sustained the defendant's demurrer to the amended declaration, and thereupon the plaintiff took a nonsuit. The bill of exceptions states, that the court sustained the defendant's objection to the written testimony offered by plaintiff; that plaintiff excepted, and took a nonsuit. It is thus seen that there is a palpable conflict between the judgment entry and the bill of exceptions. The rule of law, in such cases, is, that the latter centrols the former.—Landreth v. Landreth, 9 Ala. 430.

The record being thus construed, we are restricted in our investigations to the question on the exclusion of evidence ; that being the only question presented by the bill of exceptions.—Code, § 2357 ; Palmer v. Bice, 28 Ala. 430.

After the demurrer was sustained to the several special counts, the plaintiff went to the jury on a complaint containing only a single common count. To the written contract copied in the record, when offered in evidence,

the defendant objected, first, because it was not specially declared on. It is true that, where the plaintiff claims damages for the non-performance of an executory agreement, and the breach sounds in damages merely, the count should be special, describing the contract and its breach.—Haynes v. Woods, 1 Stew. 12; McGehee v. Hill, 4 Porter, 170. But when the claim is merely of a pecuniary nature, and is founded on an executed consideration, it is sufficient to declare upon the common *indebitatus* counts.—1 Chit. Pl. 316, 372; Madison College v. Burke, 6 Ala. 494; Carlisle v. Davis, 9 Ala. 858; Beckwith v. Baldwin, 12 Ala. 720; Wilson v. Sergeant, 12 Ala. 778; Dukes v. Leowie, 13 Ala. 457; Bank v. Williams, *ib.* 544; Holloway v. Lowe, 1 Ala. 246; Braham & Parsons v. Tarver, Minor, 370.

It was objected, in the second place, to the written evidence, that the contract created a trust, not cognizable in an action at law. It is a general rule, that an action at law will not lie against a trustee *as such*, for money had and received. After the trust is closed, and a final account stated, showing a balance in the hands of the trustee belonging to the beneficiary, such action may be maintained.—Hill on Trustees, 518, and note; 2 Story's Equity, § 1041; Kennedy v. Kennedy, 2 Ala. 572; 1 Chit. Pl. 69, 38. The exception to the rule is, the common case of a bailment, or deposit, of property or money in the hands of one, to be delivered or paid to another. In such case, an action at law may be maintained in the name of him to whom the property or money *ex æquo et bono* belongs.—2 Story's Equity, § 1041; Story on Bailments, § 103; Br. Bank v. Parrish, 20 Ala. 433; Hitchcock v. Lukens, 8 Por. 333.

In the case of Hitchcock v. Lukens, *supra*, a beneficiary was allowed to maintain an action at law against his trustee. In that case, however, the trustee, or bailee, was required to do nothing more than sell the property, and, out of the proceeds, pay certain debts. We have found no case that carries the principle further than this.

If, in pursuance of the apparent intention of the instrument offered in evidence, Rogers entered upon and

executed, either in whole or in part, the duties which he seems to have taken upon himself, we are satisfied that no action at law can be maintained on the contract, until a settlement is had, and a balance struck. The contract required the trustee to furnish for Miss Vincent whatever amount of clothing, schooling and other probable expenses, the trustee might think necessary. Much was confided to the judgment and discretion of Mr. Rogers. In settling the account between them, upon this hypothesis, questions may arise upon the reasonableness of the outlay, and whether the trustee has performed his duties with due reference to the condition and expectations of the beneficiary. The contract clearly contemplates that the defendant was to exercise towards Miss Vincent, so far as this fund is involved, many of the important, delicate and confidential relations of guardian. A court of law, by reason of its organic rules, can not do complete justice between parties thus circumstanced.—See Eldridge v. Turner, 11 Ala. 1049. If, on the other hand, Mr. Rogers has incurred no expenses or liabilities for Miss Vincent under said agreement, or if a settlement has been had, and a balance struck, then an action at law is clearly maintainable.

As we have shown above, much latitude of proof is allowable under the common counts in assumpsit. The circuit court ought to have admitted the agreement in evidence. It was, *prima facie*, relevant, because it contained on its face, in one aspect, evidence of a money liability to the plaintiff, which the defendant promised to pay, with interest. It did not express when the money would be due and payable. The nature and objects of the trust show, that the parties did not contemplate a present debt, or present right of action. The expenditures for Miss Vincent which the contract confided to the discretion of Mr. Rogers, if he incurred any, were continuing in their character, and show that the parties intended to create, and did create, a continuing trust. The duties of this trust, like those of a guardianship, would terminate with the minority of the beneficiary; and hence we fix the maturity of this demand, at the time when Miss Vincent

attained to lawful age. This agreement, and proof that Miss Vincent had reached the years of majority before she sued, and that she had demanded the money of defendant, made out a *prima-facie* case for recovery. All this was in evidence, or offered in evidence, by the plaintiff; and the circuit court erred in not allowing the written contract to go before the jury. This order of proof was permissible under the common count.—Madison College v. Burke, *supra*.

This *prima-facie* case the defendant might have overturned, by showing that he had in fact entered upon the trust, and had incurred expenses or liabilities for Miss Vincent, under the authority given him in the contract. If such *prima-facie* case was made by the complaint, it should have been met by a proper plea. If it appeared in the proof under the common count, it cast on the defendant the necessity of meeting it with proof. If met as above indicated, the jurisdiction of the law court would have been ousted, and the defendant left to her remedy in chancery.

Lest this opinion might mislead, we further add, that if plaintiff seek to make a *prima-facie* case by her *pleadings*, she must take a further step, and either aver that defendant had incurred no expenses or liabilities for her under the contract, or she must, by some other averment, show a right of action at law, notwithstanding the fiduciary duties which the contract presupposes. We say it was necessary that she should make the above *averment*, or show a sufficient excuse for its omission. It does not follow that she would be required to prove it. The averment being of a negative, while the rule requires that plaintiff shall make it, this duty does not extend beyond the pleadings.

The issue being thus formed, the *onus* of proof is on the defendant, if in fact he has paid or incurred expenses for plaintiff, under the contract.— See Carpenter v. Devon, 6 Ala. 718; Walker v. Palmer, 24 Ala. 358; McCauley v. The State, 26 Ala. 135; Carroll v. Malone, 28 Ala. 521.

As a future guide in the trial of this cause, we therefore

say that the demurrer to the special counts was rightly sustained.

We have considered this case as if the four hundred dollars was originally the property of J. H. Vincent. We suppose such to be the case.

For the error above pointed out, the judgment of the circuit court is reversed, the nonsuit set aside, and the cause remanded.