## LAWRENCE vs. BARKER.

A written *memorandum* may be referred to by a witness to refresh his memory; but he must swear to the truth of the facts, or his statement is not evidence. It is not enough for him to swear that he made a memorandum which he believes to be true, and that he relies upon the memorandum, without any present recollection of the facts.

A party cannot impeach his own witness, by shewing him to be unworthy of belief on the score of bad character; but if he calls a witness to prove a particular fact, and fails in establishing it by him, he may nevertheless prove the fact by another witness, or may shew that the account given by the first witness is incorrect.

A witness cannot be cross-examined to a distinct collateral fact, for the purpose of afterwards impeaching his testimony by contradicting him.

The extent to which the examination of witnesses, under certain circumstances, shall proceed, is regulated by the discretion of the judge.

An objection of variance between the contract as laid and proved must be taken at the trial, unless it be such as could not be obviated.

THIS was an action of assumpsit, tried at the New-York circuit in June, 1829, before the Hon. OGDEN EDWARDS, one of the circuit judges.

The declaration contained a count stating that the defendant, in consideration of the plaintiff delivering to him a Hudson Insurance Company bond for $1000, on which interest to a certain amount had accumulated, promised to pay the plaintiff the sum of $1000, with the interest thereof, *when he should be thereunto afterwards requested.* Vermilyea, a witness called by the plaintiff, proved that he, as the agent of the defendant, procured from the plaintiff the bond described in the declaration, and agreed that the defendant should pay the plaintiff, *the coming week,* the face of it, with interest thereon, and delivered the bond to the defendant on the 14th July, 1826; on which day the company failed. On his cross examination, being asked by the defendant if he did not on the same day supply the defendant with two other bonds, he

UTICA,
July, 1830.

Lawrence
v.
Barker.

answered, that was a different transaction, in which the plaintiff had no interest. The question being pressed, whether the witness did not, on the same day, deliver two other bonds to the defendant, the object of the inquiry being avowed to be, to prove that the delivery of the three bonds formed one entire transaction, it was objected to, and overruled by the judge. The defendant excepted, and the plaintiff rested.

Vermilyea was then called and examined by the defendant. He now testified that he did on the same day that he supplied the defendant with the bond mentioned in the declaration, supply him with two other bonds given by the same company; and went into a detailed account of the transactions relative to the bonds. The defendant then offered to prove that the account given by Vermilyea relative to the bonds was incorrect. This evidence was objected to on the grounds, 1. That the defendant, having called Vermilyea as his own witness, was not entitled to impeach him; and 2. That it is not competent for a party to examine a witness as to immaterial points for the purpose of disproving his statements relative to such points. The judge rejected the evidence; to which decision the defendant excepted.

The defendant called a witness to prove a conversation between him and Vermilyea on the subject of the bonds. The witness stated that he was present at such conversation, and produced a memorandum in his own hand writing, made at the time, and which he said he had no doubt contained a true account of what took place ; but that he had no recollection of the facts independent of the paper. The judge refused to allow the paper to be read, or the witness to state its contents; but told him he might read it to refresh his recollection. The witness said he had read it, but could only recollect that the parties were together in his presence, conversing on the subject of the three bonds; that he had no doubt that he put down precisely what was said ; that he made the memorandum at the moment, but had no recollection of the facts independent of the paper. The judge would not allow the witness to state the contents of the paper, or the paper to be read in evidence to the jury. The defendant excepted to this decision also.

The judge then asked the parties if they had done; to which the defendant answered that he would address the jury. The judge observed that it was his right to do so, but he thought it unnecessary, as he should conceive it his duty to charge the jury that in point of law the plaintiff had made out his case, and was entitled to a verdict; to which the defendant replied that under such circumstances, he should waive the right to sum up. The jury, under the charge of the court, found a verdict for the plaintiff; which was now moved to be set aside.

*D. Selden,* for the defendant. There was a variance between the contract proved and that declared on : in the declaration the contract is, that the defendant shall pay when requested ; the proof is, that he was to pay in the coming week. This objection may be taken on a motion for a new trial. Had there been conflicting testimony, it is admitted the objection should have been raised at the trial. The defendant should not have been stopped in his cross-examination of Vermilyea : the court could not know to what results it might have led; and to have openly avowed the object of the cross-examination, might have prevented that elucidation of the facts which was sought after. The fact of the defendant having cross-examined the witness of the plaintiff did not deprive him of the right to impeach him.

The witness called by the defendant ought to have been permitted to testify : he stated that the memorandum he held in his hand he had no doubt contained a true account of what took place, although he had no recollection of the facts independent of the memorandum ; but it was made at the moment, in his own hand writing. No evidence could be more convincing. Tne positive declaration of the witness, speaking from memory alone, would not produce the same conviction : in the latter case, there might be some omission of some material particular; in the former, there could be none. On the ground of necessity, a witness should be allowed to state the facts as he has noted them, if he can state that he has no doubt of the correctness of his memorandum ; otherwise, men extensively engaged in business, who rely wholly

upon their entries, instead of trusting to their memories for the record of passing events, cannot be witnesses; and they who are enabled to give the most correct account of a transaction will be excluded. The case of *Doe v. Perkins*, 3 *T. R.* 749, fully supports the position that the evidence of this witness ought to have been received; for although in that case a new trial was granted, it was granted because the witness spoke to facts from *extracts* taken from *original entries;* but the counsel who moved for the new trial, and the judges, as well in the principal case as in the cases referred to, admit that if the *original memoranda* are produced, the witness may speak from them, although he has no recollection of the facts. See, also *Comb.* 445. Should a witness speak from *memoranda*, and swear to their truth, he would be liable to punishment.

*C. P. Kirkland,* for plaintiff. No objection as for variance was taken at the trial, and it cannot now be urged. Had it there been taken, it might have been obviated. 1 *Wendell,* 380. The judge had a right to stop the cross-examination whenever he thought proper; it is his province to determine how far it shall proceed. Where a party adopts a witness of his adversary as his own, by calling him to prove facts which make for him and against his adversary, he cannot afterwards impeach him. 1 *Starkie,* 131. If a witness has made a memorandum of facts, he may refresh his memory by referring to it; and if by that means he obtains a recollection of the facts themselves as distinct from his memorandum, his statement is evidence, otherwise not. 1 *Phil. Ev.* 226, *ch.* 8. 1 *Starkie,* 128.

*By the Court,* SAVAGE, Ch. J. The contract proved is certainly not the contract declared on. There may well have been two contracts on the same day, for the same amount, and payable at different periods. But it does not appear to have been in writing, and no objection was made upon the trial as to the variance; had it then been made, a contract might have been proved corresponding with that set forth in the declaration. Objections may properly be made upon the argument which were not raised at the trial, but

UTICA,
July, 1830.

Lawrence
v.
Barker.

they are unavailing unless it appears to the court that they could not have been obviated at the trial.

On the cross-examination of Vermilyea, he was inquired of respecting two other bonds, to which he answered that the plaintiff had no interest in them, and the judge precluded any further inquiry. This seems to me to be right. Vermilyea was acting as the agent for the defendant, and probably for the plaintiff, and if he sold to the defendant other bonds upon different terms and conditions, that could constitute no defence to the plaintiff's action.

The defendant was permitted afterwards to examine the witness as to the other bonds, and therefore had the benefit of his testimony. He however was not satisfied with it, and offered to disprove the facts stated by Vermilyea. This was objected to and overruled on two grounds: 1. That the defendant had himself called Vermilyea when he gave the testimony which he wished to disprove; 2. That it was not proper to examine a witness to immaterial facts, for the purpose of disproving his statements. I understand the rule to be this: A party cannot impeach his own witness, by shewing him to be unworthy of belief, on the score of bad character; but a party who calls a witness to prove a particular fact, and fails in establishing it by him, may nevertheless prove the fact by another witness, or may shew that the account given by the first witness is incorrect; but a witness is not to be cross-examined to a distinct collateral fact, for the purpose of afterwards impeaching his testimony by contradicting him. 1 *Starkie*, 134. There may be cases where great latitude of examination may be permitted, arising from the disposition, temper and conduct of witnesses, which can be regulated only by the discretion of the court, and for which it is difficult to lay down a precise rule.

The next question is whether the last witness called by the defendant should have been permitted to read his memorandum or to state its contents. The rule is that a written memorandum may be referred to by a witness to refresh his memory, but he must swear to the truth of the facts or his statement is not evidence. 1 *Starkie*, 129. 3 *T. R.* 749. It is not sufficient for him to swear that he made a mem-

orandum which he believes to be true, and that he relies upon it without any present recollection of the facts. This is the extent to which the witness could go. The judge, therefore, properly refused to receive his statement as evidence. The case of *Tanner* v. *Tayler*, stated in *Doe* v. *Perkins*, 3 *T. R.* 754, was an action for goods, and the witness had in his hand a copy of the day book. Baron Legge said that if he would swear positively from recollection, he might use the paper to refresh his recollection ; but if he could only swear to the delivery from seeing the charges in a book, the original entries must be produced. That case does not prove that the original memorandum should have been received in this case. In case of goods sold and delivered, a merchant's books are evidence to a certain extent, but that is very different from a memorandum made by a witness for his own convenience, not sanctioned by the parties, and where no necessity exists requiring the admission of such a paper, as is frequently the case in respect to merchants' books.

It is also objected that the judge virtually prevented the defendant from addressing the jury. The judge told the defendant that it was his right to address the jury, but he thought it unnecessary, as he should deem it his duty to inform the jury that in point of law the plaintiff had made out his case and was entitled to a verdict. I can see no error in this. The plaintiff had in fact made out a case which entitled him to recover, and the pefendant had not established any defence. Under such circumstances, should the defendant or his counsel endeavor to persuade the jury that the plaintiff should not recover, it would be the judge's duty to inform the jury of the plaintiff's rights, and they would be bound to find in his favor. There was no fact in dispute rendered doubtful by contradictory testimony ; nor was there any thing shewn to discredit the plaintiff's witness.

The motion for a new trial is denied.