HARRIS *vs.* WILSON.

Evidence received by a judge on the trial of a cause as *preliminary* to the introduction of other evidence, is not to be submitted to the jury ; it is the province of the judge, and not of the jury, to pass upon its sufficiency ; accordingly, where proof of the admission of an alleged partner was offered to be shewn, it was held it was the province of the judge and not of the jury, to pass upon the fact, whether he was such partner or not.

A witness cannot be examined as to a distinct collateral fact, for the purpose of impeaching his testimony, by contradicting him ; but if a question relative to such fact be put and answered, evidence cannot afterwards be adduced for the purpose of contradiction.

THIS was an action of *assumpsit*, tried at the Washington circuit in November, 1829, before the Hon. ESEK COWEN, one of the circuit judges.

This action was on a promissory note for $1000, given by the defendant and one E. W. Judd to the plaintiff, bearing date 1st May, 1824. On the *same day* that the note bore date, the plaintiff, the defendant and Judd executed an instrument in writing, stating that since the 1st January, 1821, they had been in partnership in a marble manufacturing company at Middlebury, in Vermont, and agreeing to continue such partnership, and to establish a branch within this state. On the 1st July, 1826, the partners agreed to dissolve their partnership, and submitted the terms upon which the dissolution should take place to two arbitrators. The note in question was not mentioned at the time of the submission ; no evidence was introduced by either party, except that some papers and vouchers were produced ; and the arbitrators were to decide upon their own knowledge of the concern. The object of the submission was to determine upon what terms Wilson should withdraw from the concern, the parties to the submission being Judd and Harris on the one side, and Wilson on the other. The arbitrators on the same day made an award, and all par-

ties expressed their satisfaction with it; the note was not included in the award. Shortly thereafter, a suit was commenced on the note, it being a joint and several note against Wilson alone, who pleaded the submission and award in bar of a recovery, and the plaintiff replied that the note was not included in the submission. A trial was had, and the defendant obtained a verdict, which was set aside and a new trial ordered. See 1 Wendell, 511, where will be found a more full statement of this case.

On the second trial, Judd, the co-maker of the note, was called as a witness by the plaintiff, who testified that the note in question was given principally for money loaned by Harris to the makers of the note, on the 30th November, 1820; that Harris became a member of the marble manufacturing company 1st January, 1821, but not before; that when he joined the company, he took one third of the stock and property of the company, and was to be equally responsible for the debts that the company then owed; that the note in question was given on the 1st May, 1824, for the original loan made in November, 1820, and a subsequent loan and the interest of both loans, and that it was then mentioned between the parties that such note was entirely disconnected with the company, and was altogether a private concern between the parties, and in the note itself it was accordingly declared to have been given for borrowed money. On the cross-examination of this witness, he was asked whether in the fall of 1820 he had not told two individuals, who were named, that Harris had brought money into the company, and that the company in consequence of it, were able to pay off their hands in money, if they wished it; he answered that he had not, and that such was not the fact. The defendant then offered to prove that the whole of the money for which the note was given, was expended in the use of the company at Middlebury, and went to increase the value of the company's property; contending that from such fact, he had a right to insist that the note was settled by the arbitration; this evidence was objected to and rejected by the judge, on the ground that the money being loaned to Judd and Wilson individually, it was immaterial how it had been expended, and that the conclusion contend-

ed for by the defendant could not follow from the fact offered to be proved ; to this decision the defendant expected. After some testimony was given, tending to shew that *Harris* was a partner in the concern in the fall of 1820, the defendant offered to prove a declaration made by *Judd* in December, 1820, admitting that Harris was a partner ; this evidence was objected to and rejected by the judge, on the ground that there was yet no evidence showing that Harris was a partner at the time ; that the declaration of Judd was therefore inadmissible as evidence, to prove the fact of partnership ; and that for the purpose of impeaching Judd, it was inadmissible, as the defendant having thought proper to examine him upon a point not material to the issue, must be content with his answer ; to which decision the defendant also excepted. The jury, under the charge of the judge, found a verdict for the plaintiff, which the defendent moved to set aside.

*S. Stevens,* for defendant.

*C. L. Allen,* for plaintiff.

By THE COURT. This action is brought on a promissory note made by the defendant and one Judd, jointly and severally to the plaintiff. The defence is, that the money for which the note was given, was put into a company, formed by the parties to this suit, and had been brought into the adjustment of their concerns ; or as their affairs had been settled by arbitration, that it was within the submission, and is to be considered as included in the award. The note itself shews that the money was loaned to the defendant and Judd. To countervail this evidence, the defendant offered to prove that the money was appropriated to the use, and expended in the business of the company. The judge rejected this offer, and the defendant expected to his decision. The fact offered to be proved did not tend to make out the defence ; though expended in the company, that fact would not show whether the plaintiff loaned it to the defendant and Judd, and that it went to the use of the company by their direction, or whether it was loaned by the plaintiff to the whole company. It is not an unusual occurrence for one member of a firm to loan to other

NEW-YORK,
May, 1831.

Harris
v.
Wilson.

members the very funds which they place in the concern as their part of the capital. The judge decided corrrectly in refusing to receive the testimony.

Judd, the co-maker of the note, was examined as a witness, and testified that the money was an individual loan to the defendant and himself. He was asked if he had not told certain persons in the autumn of 1820, that the plaintiff had brought money into the company, and in consequence thereof that they were enabled to pay off their hands; he answered that he had no recollection of having said any thing of the kind. He was then asked if it was true, provided he had said so. He said he should not have said so, if it was not true ; but there was no such fact within his knoweledge, and the plaintiff was not at that time a member of the company. The defendant then proposed to prove that Judd had said in December, 1820, that the plaintiff had put considerable money into] the' concern, whereby they were enabled to pay off their hands. This evidence was excluded, upon the ground that the fact of the plaintiff's having put into the company money at that time was immaterial to the present issue, and the defendant could not disprove what the witness had said for the purpose of impeaching him, but must take his answer ; and could not be permitted to go into an inquiry, whether the witness was mistaken or not, on that collateral matter. The defendant contends that there was evidence to shew that the plaintiff was in 1820 a member of the company, and being such, it was not immaterial to the issue in this case to shew that he had advanced at that time money to it ; but the judge decided that the fact that he was not then a partner was sufficiently established ; and not being a partner, whether he advanced money to the company or not, was] immaterial to the issue. There was some evidence of acts of the plaintiff, tending to show that he was a partner in 1820, but the fact was not established. While the defendant was absent and Judd sick, the plaintiff took charge of their business, and acted in relation to it as a partner would do. This, under the circumstances, is slight proof, and cannot stand against the agreement of the parties to this suit, reciting the commencement of the partnership on the 1st January, 1821, and the positive declaration of

Judd that the plaintiff was not partner in the fall of 1820. The defendant contended that whether he was then a partner or not, was a fact for the jury. This would have been so, if the fact had been in issue on the merits of this case, but it was not; it was incidentally raised in relation to a question about admitting or rejecting evidence. The evidence offered was as the judge conceived admissible, if the plaintiff was a partner in 1820, otherwise not ; he was therefore obliged, in order to determine the question of the admissibility of the evidence, to pass on the fact of the plaintiff's being a partner at that time. Whether a deed or any other written instrument is lost or not, if involved in the issue of a cause upon the merits, is a question for a jury to settle ; but when that question incidentally arises in the progress of a trial on the application of a party to be permitted to give parol evidence of the contents of such deed or instrument, the court, and not the jury, pass on the fact of the loss. The judge, I think, decided correctly the question as to the plaintiff's not being a partner in December, 1820. The evidence did not enable him to say he was. If he was not then a partner or a member of the company, whether he did or did not advance money to that company, was wholly collateral, and immaterial to the issue to be tried. If he did not make such an advance, the proof of that fact would not certainly help the defence ; if he did advance money, the establishment of that fact would not prove that he advanced it to himself, as well as to the defendant and Judd, which was the substance of the defence. The fact which was to be established by the rejected testimony was strictly immaterial.

Was the defendant entitled to prove the declarations with a view to impeach Judd ? It is settled law that a witness cannot be examined as to any distinct collateral fact, for the purpose of impeaching his testimony by contradicting him. 1 Starkie's Ev. 134. 1 Phil. Ev. 21. But if a question relative to such a fact be put and answered, evidence cannot afterwards be adduced for the purpose of contradiction. 1 Starkie's Ev. 134. 2 Cowp. 638. 2 Starkie's N. P. C. 149. 2 Gallison, 53.

Judgment for plaintiff.