## P. & J. POWELL vs. ADAMS.

1. In an action upon an assigned note, it is only necessary for the plaintiff to offer *prima facie* evidence of the assignment, to entitle him to read the assignment in evidence to the jury.

2. Proof that the maker had admitted the assignment, is sufficient evidence to authorize the plaintiff to read the assignment in evidence.

ERROR to Platte Circuit Court.

S 〈 TT, J., delivered the opinicn of the court.

This was a suit by petition and summons, against Adams, on a promissory note given to Benjamin Gragg, and by him assigned to P. &. J. Powell, who were plaintiffs below, and plaintiffs in error in this court. The plea was *nil debit*, on which issue was joined.

On the trial, the plaintiffs offered to read the note in evidence, after giving the following evidence of the assignment. A witness showed the note to the defendant, who admitted the assignment of Gragg, and on being required to state the language used by Adams, said he had frequently conversed with the defendant in relation to the note, prior to the time when it was shown to him, and he believed, before he received the note. That from the conversation, the first impression received was that Gragg was a joint obligor with Adams. When the note was shown to Adams, the witness asserted that he had given it to Gragg, and that Gragg had assigned it to the plaintiffs. Adams replied that was the way it was executed. Adams had the note in his hands, and examined both face and back, and the credits endorsed on the back, and said he would pay it. Nothing was said by defendant about the hand-writing of Gragg. The court refused to permit the note to be read in evidence, to which an exception was taken; the plaintiffs thereupon submitted to a non-suit, and afterwards moved to set it aside, which being overruled, they have brought the cause to this court.

When a question as to the existence or loss of a written instrument incidentally arises in the progress of a trial, as for instance on the application of a party to be permitted to give parol evidence of the contents of such instrument, the court, and not the jury, pass on the fact of loss. But if the question is involved in the issue of a cause upon the merits, it is a matter for the jury to settle. Harris vs. Wilson, 7 Wend. 57. So, it is said, that if the genuiness of a deed is the fact in

question, the priliminary proof of its execution given before the judge, does not relieve the party offering it, from the necessity of proving it to the jury: the judge only decides whether there is *prima facie*, any reason for sending it at all to the jury. If, however, the question of fact in any preliminary inquiry, such, for instance, as the proof of an instrument, is decided by the judge, and the same question of fact afterwards recurs in the course of the trial upon the merits, the jury are not precluded by the decision of the judge, but may, if they are satisfied upon the evidence, find the fact the other way. Greenleaf, 58, 472. Ross vs. Gold, 6 Greenleaf. Commissioners of Berks county vs. Ross, 3 Bin. 539. It results from these princples, which are unquestionably sound, that the assignment of the note being the matter in issue, it was only necessary to produce *prima facie* evidence of the fact to the judge who would then let the jury pass upon it, and determine whether it was sufficient to establish its existence. We think the evidence given was amply sufficient to have induced the court to submit the fact of the assignment to the jury.

The other Judges concurring, the judgment will be reversed and the cause remanded.