Morgan *v.* Frees.

---

## MORGAN *vs.* FREES.

It is a general rule that when a witness, on his cross-examination, denies a particular fact going barely to impeach his general character and credit, witnesses cannot be called to contradict him.

But where a witness for the plaintiff has attempted to suborn a witness to swear falsely in the cause, against the defendant, and on his cross-examination denies that he has done so, the defendant may give evidence to contradict him in that respect.

THIS was a motion by the defendant for a new trial, upon a bill of exceptions. The legal question presented by the bill of exceptions, and the manner in which it arose, appears from the opinion of the court.

*Hotchkiss & Seymour,* for the plaintiff.

*Dana & Beers,* for the defendant.

*By the Court,* MASON, J. The only question deserving consideration presented by this bill of exceptions is the ruling of the judge as found in folios 48 and 49, of the bill of exceptions. Benjamin S. Miller, who was the principal witness for the plain-

tiff, was asked, on his cross-examination, by the counsel for the defendant, whether he did not tell Webster that the son of the defendant Frees would be present at the trial, without any one to sustain him, and that if he, Webster would impeach him he should be well paid for it. Miller denied that he had so told Webster. The defendant afterwards called Webster as a witness, and offered to prove by him that Miller tried to hire him to swear so as to impeach Frees in this suit, and after Webster had told him, Miller, that he did not know said Frees at all. The plaintiff's counsel objected to the evidence, and the same was excluded by the court. The defendant further offered to show, by way of impeachment of the said Miller, that he had endeavored to suborn the witness Webster to swear falsely in this case, against the defendant; which evidence was also objected to by the plaintiff's counsel, and excluded by the court.

The rule is well settled both in England and this country, that a witness cannot be examined as to a distinct collateral fact, for the purpose of impeaching his testimony by contradicting him. (*Spencely* v. *De Willott*, 7 *East*, 108. *Lawrence* v. *Barker*, 5 *Wend*. 301. *Harris* v. *Wilson*, 7 *Id*. 57. 1 *Stark. Ev*. 142, 164. 1 *Cowen & Hill's Notes to Phil. Ev*. 748. *Greenl. Ev. p.* 561, § 449.) And the rule is equally well settled that if the witness answers such question the party must take his answer; for he cannot afterwards adduce evidence for the purpose of contradicting him. (*Harris* v. *Wilson*, 7 *Wend*. 57, *and cases above cited*.) It was insisted upon the argument of this cause, by the counsel for the plaintiff, that the evidence offered was properly excluded, within the principle of the rule above stated. In other words, that the question propounded to the witness Miller, on his cross-examination, was irrelevant or collateral to the issue in the cause. It often becomes a difficult question, and one not unfrequently perplexing to the judicial mind, to determine whether a question be relevant or not on cross-examination, within the principle of the rule above stated. The determination of the question not unfrequently involves an inquiry into the nature of the issues in the case, and the bearing of the same upon the point raised, and the manner

in which the answer may be brought to bear upon it. It will be found on an examination of the cases, that these questions collateral to the issue, have mainly arisen in respect to the particulars of the witness' character or credit. The rule will be found a general one, and will be sustained by the cases, that when the witness on his cross-examination denies a particular fact going barely to impeach his general character and credit, witnesses cannot be called to contradict him. But a distinction is made between the right to contradict the witness in respect to any fact relating to his conduct in the particular cause, and the right which goes to the point of his being a man worthy of credit generally. This distinction was taken by the court in *Yervius' case*, (2 *Camp.* 637.) The distinction, however, has sometimes been overlooked, as was done by Lawrence, justice, in *Harris v. Luppet*, (2 *Camp.* 638,) decided at nisi prius. This case was undoubtedly wrongly decided, and the principle was applied in the haste of nisi prius. It is not to be doubted that where a witness for the defendant has attempted to dissuade one of the plaintiff's witnesses from attending the trial, and denies on his cross-examination that he has done so, the plaintiff is entitled to give evidence to contradict him in this respect. Such evidence is addressed to his conduct in the particular suit, and ought to detract very much from his credit in the suit; and such evidence is admissible to affect the credit of the witness in the particular case. (*Atwood v. Welton*, 7 *Conn. Rep.* 66, 70, 72. 2 *Camp.* 637.) And so in the case under consideration, it was competent for the defendant to show that the witness Miller had endeavored to corrupt the witness Webster and induce him to swear false in this particular suit, to the prejudice of the defendant. This question arose in *Lord Stafford's case*, reported in 7 *Howell's State Trials*, 1400, in which the accused was allowed to prove that Dungall, a witness for the prosecution, had endeavored to suborn witnesses to give false evidence against the prisoner. This question came up in the house of lords in England, in the memorable prosecution against Queen Caroline, in 1820. The question was referred to the twelve judges for their decision, who took time to deliberate,

and the lord chief justice of the king's bench returned the unanimous opinion of the twelve judges in favor of allowing the evidence. The questions propounded to the learned judges are stated with great precision, and the answers of the judges are stated with great clearness and ability by Chief Justice Abbott, and are decisive of the question under consideration. (2 *Brod. & Bing.* 312. 6 *Eng. Com. Law Rep.* 160.) The only qualification of the rule as stated by the learned judges in that case is that the witness must first be interrogated, on his cross-examination, whether he has not attempted to suborn the witness, and then if he denies it the party shall be allowed to give evidence to contradict him. In the case under consideration the attention of the witness Miller was sufficiently called to the subject, and his denial thereof was sufficiently explicit to allow the contradictory evidence offered by the defendant. The judge at the circuit erred in rejecting this evidence, and the judgment should be reversed, and a new trial ordered, costs to abide the event.

[MADISON GENERAL TERM, May 11, 1852. *Gray, Mason, Shankland* and *Crippen*, Justices.]