Harris, J-,
delivered the opinion of the Court.
This is an action o-f debt, against Worley as masker, and Richardson as endorser of a promissory ¡note. The declaration is in the ordinary form, and the plea of nil debit is put in by Richardson, the endorser, «pon which the plaintiff took issue. Judgment by default was .at the same time taken against Worley, and .a writ of enquiry ordered. At the next term, a jury was sworn, “ to enquire of and assess the *550 damages between the plaintiff and the defendant Wor-ley, and also to try the issue joined between the plaintiff and defendant Richardson.” The jury found the issue-in favor of the plaintiff, “ and assess the plaintiffs damages by reason of the premises, to the sum of $16.27,” upon which the Court rendered judgment against both defendants for the amount of the debt and damages with costs. Defendant Richardson moved for a new trial, which was refused, and he has appealed in error to this Court. The bill of exceptions shows that the note sued upon, was “ payable at the Union Bank at Memphis, Tennessee,” and the notarial certificate of protest shows that the note was, on the proper day, presented for payment, “-at the branch of the Union Bank of the State of Tennessee at Memphis, it being made payable at said Bank.”
The plaintiff then introduced as a witness, W. A. Rose, who testified that said certificate “ was in his-hand-writing; ” that he was at that time clerk of the notary, and it was his business to deliver notices of protest; that it was his habit to make such entries at the time of delivering the notices; that he had no-recollection. of having, given notice of protest to Richardson the endorser; but from the fact of seeing his endorsement to that effect, on the protest, he presumed he had, and was satisfied in his own mind that he had given the notice as stated in his certificate on the protest
To all of this testimony, the defendant objected;, the objection was overruled by the Court, which is now assigned, and relied on here, as error. We will consider first, the question of variance. The note sued *551 on is properly described in the declaration, and is upon its face payable “ at the Union Bank at Memphis;” it was presented for payment at the “branch of the Union Bank at Memphis.” The law makes it the duty of the holder to use- ordinary diligence to find, and present the note for payment, at the place where it is payable. This note, we have seen, was payable “at the Union Bank at Memphis;” but, suppose that, in fact, there is no Union Bank at Memphis, but there is a branch of the Union Bank there, which is usually called the “ Union Bank,” could there bo any doubt that that was the proper place to present the note for payment? We think not.
Had the defendant proved that there was also a Union Bank there, then he would have raised a more difficult, and perhaps, a fatal objection; but in the absence of such proof, we must take as prima facie true, the certificate of the Notary, that he presented the note for payment “ at the branch of the Union Bank, it being payable at said Bank.”
The objection taken to the pai’ol testimony of W. A. Rose, we think is equally untenable. The witness stated that “ he had no recollection of having given notice of protest to Richardson, the endorser, but from the fact of seeing his endorsement, to that effect, on the protest, he presumed he had.” Had the witness stepped here, his testimony would perhaps have been incompetent. 5 Wendell, 301; 1 Starkie Ev. 129; 1 Philips Ev. 289; 8 East 284-9, and other authorities. But the witness proceeds and says, he is “ satisfied in-Ms own mind, that he had given the notice as stated in his certificate on the protest.” This testimony is- *552 competent; the entry was made by the witness himself, and he swears that he is “satisfied in his own mind that he had given the notice as stated in his certificate on the protest.”
Where an agent made a parol lease, and entered a memorandum of its terms in a book, which was produced, but the witness stated that he had no memory of the transaction hut from the hook, without which he should not of his own knowledge he able to speak to the fact, hut on reading the entry he had no douht that the fact really happenedthe testimony was held competent.—1 Gr’f. Ev. 437, and numerous authorities there cited.
It often occurs that subscribing witnesses are called to prove the execution of deeds and other instruments, who have no recollection of seeing the paper executed but from the fact of seeing their names as subscribing witnesses, in their own hand-writing, and being satisfied that they would not have put them there if they had not seen the paper executed, such evidence has always been regarded as competent and sufficient.
The only remaining question is, that the jury “found the issue in favor of the plaintiff, and assessed the plaintiff’s damages to $16.27,” upon which the Court gave judgment against both defendants for the debt, in the declaration mentioned, and the damages by the jury assessed; when, as it is insisted, the Court should have given judgment only for the amount found by the jury. This objection is not tenable.
The judgment by default against Worley authorized the Court to render judgment final against him for the .amount of the debt, and the damages, which was 'a *553 mere matter of computation; but, the plaintiff desiring to have a judgment against both of the defendants, postponed taking final judgment against him until he could have the issue upon the plea of Richardson tried, which was afterwards found for the plaintiff: That is, that the defendant does owe the debt in the declaration mentioned, and they also assessed the damages; then it was clearly competent and legal, and the correct practice, for the Court to render a joint judgment against both defendants for the debt, it being certain, and the damages.
We therefore think, there is no error in the record, and affirm the judgment.