five per cent. on the whole sum which shall have come into their hands.

In the case of a composition or settlement, there is no sum of money that comes to the hands of trustees in the case of an attachment under the Revised Statutes, or·to the sheriff on attachments under the Code, where the service has been made by notifying the debtors of the defendant.

The late Supreme Court gave·a construction to the provision of the Revised Statutes, relating to the commissions of trustees, in a case where a compromise had been made and no money came to their hands.

The true construction was given, without doubt, in the Matter of Robert Bunch, a non-resident debtor (12 *Wend.*, 280). In the event of a compromise between the debtor and creditor, the rule is an equitable one. That rule, in case of a voluntary settlement between the parties, will give to the sheriff his commissions upon such sum as the debtor pays to the creditor, although it does not come to the hands of the sheriff, as well as his necessary disbursements.

---

## BOK *a.* VINCENT.

*New York Common Pleas; General Term, February,* 1861.

### EVIDENCE.—CONTRADICTING WITNESS.

The rule that a party who has called a witness will not be permitted to impeach him, does not go to the extent of preventing the party from otherwise proving the truth of a fact to which the witness may have testified, although the proof may have the effect of directly contradicting him.

It is only as to statements of matters merely collateral that the party calling the witness and making the inquiry is bound.

Appeal from a judgment.

BY THE COURT.*—HILTON, J.—This case presents but a conflict of evidence upon a question of fact. The plaintiff and his

---

* Present, DALY, BRADY, and HILTON, JJ.

son testified that the defendant ordered one hundred barrels to be made for him by the plaintiff, and to be delivered at a certain time. That they were made and tendered, and the defendant refused to receive them. On the contrary, the defendant swears he never ordered the barrels; that he only purchased four, for which he paid; that he had no use for any more, never wanted them, and never saw the one hundred barrels referred to.

The plaintiff's counsel is in error, in supposing that because the defendant, at the trial, called the plaintiff's son as a witness, he was concluded by his testimony, and precluded from thereafter contradicting his statements. It is undoubtedly the rule that a party, by calling a witness, thereby presents him to the court as a person worthy of belief, and after he has been examined, the party calling him will not be permitted to impugn his credibility by impeaching his general reputation for truth (2 *Phillips' Ev.* [Cowen, Hill, and Edwards' Notes], 982; 1 *Greenl.,* § 442); but this rule does not go to the extent of preventing the party from otherwise proving the truth of any particular fact to which the witness may have testified, although the proof may have the effect of directly contradicting him, and thus tend to show him unworthy of credit. The mistaken or false answer of a witness respecting a fact material to be shown at the trial of a cause, may always be contradicted by other proof, and which may be offered by either party; but it is otherwise as to statements by the witness of matters merely collateral. As to these, the party calling the witness and making the inquiry is bound. (2 *Phillips' Ev., Edwards' Notes,* 983; Lawrence *a.* Baker, 5 *Wend.,* 305; McArthur *a.* Hurlbut, 21 *Ib.,* 190; Hopkins *a.* Leek, 12 *Ib.,* 105; Steinback *a.* Columbian Insurance Company, 2 *Cai.,* 131; 1 *Greenl. Cr.,* § 443; Thompson *a.* Blanchard, 4 *Comst.,* 303.)

There is nothing peculiar in this case, unless it be that the justice preferred believing the defendant, in opposition to the evidence of the plaintiff, corroborated by his son. This, however, he had the right to do. Sitting in place of a jury, with the witnesses before him, he had an opportunity of judging as to their credibility, which we have not; and although, from the written evidence returned to us, we may think we would have come to a different conclusion, yet we cannot say he was wrong.

Judgment affirmed.