Jones *v.* Hurlburt.

---

### JONES *vs.* HURLBURT, Sheriff, &c.

Before evidence of the acts and declarations of persons not parties to an action can be properly received in evidence, on the ground of there having been a common intent or purpose to hinder, delay or defraud creditors, the common unlawful design should be clearly proved, as a condition precedent. Evidence which is merely admissible on the question of the common illegal purpose, is not sufficient.

If the evidence given with a view to establish the fact either that there was an unlawful compact for the purpose mentioned, or the connection of a party to the suit with it, is merely competent upon the question, but insufficient to establish the fact, evidence of the acts and declarations of the · parties to the compact is inadmissible.

It is the province of the judge, and not of the jury, to pass upon the question whether there was a common intent or purpose to defraud among the parties whose declarations are sought to be proved.

THIS was a motion by the plaintiff, for a new trial, upon a case and exceptions ordered at the circuit to be heard at the general term, in the first instance. The action was brought for the recovery of certain personal property alleged to belong to the plaintiff and to have been taken and unlawfully detained by the defendant, who was sued as sheriff of Livingston county. The defendant, by his answer, admitted

the taking, and in justification thereof alleged that he took the property as sheriff, by virtue of an execution issued on the 1st of July, 1859, for the enforcement of a judgment recovered in June, 1859, by John and Alexander Clunas against William T. Cuyler. That the property belonged, at the time, to William T. Cuyler, and was in his possession. That the plaintiff claims the property by virtue of a mortgage executed by Stephen P. Slocum; and that Slocum claimed the property by purchase from George M. Cuyler and William B. Wooster, assignees of William T. Cuyler. That the assignment of Cuyler was made to defraud his creditors. And that the mortgage by Slocum was made for the same purpose. Upon the trial the plaintiff was the only witness called to make out his case. He proved the execution and delivery of a mortgage by Stephen P. Slocum to himself, on the 1st day of September, 1859, given to secure the payment of a note for $1200 to one Powers, on which the plaintiff was indorser. And that at a sale of the property for forfeiture of the condition of the mortgage, in November, 1859, the same was bid in by or for the plaintiff. The defendant proved the judgment and execution set forth in the answer; a levy on the property, August 10, 1859; that it was then on the premises where William T. Cuyler resided; that the plaintiff claimed the property as having been purchased by him at the sale under the mortgage. Thereupon the defendant offered to prove the declarations of William T. Cuyler, George M. Cuyler, and the plaintiff, on the ground that the evidence educed proved, or tended to prove, a common intent or purpose to hinder, delay or defraud the creditors of William T. Cuyler. And for that purpose, also, to introduce the assignment of said Cuyler, and evidence of other sales, transactions and conveyances, including the mortgage in question, and a prior mortgage; and proposed to prove the declarations of said William T. Cuyler relating thereto. The plaintiff objected to the admission of this evidence: 1st. That the declarations of

Jones *v.* Hurlburt.

Cuyler were incompetent evidence against the plaintiff, being mere hearsay. 2d. That there was no evidence tending to show such alleged common intent. The court, however, overruled the objection, and decided to admit the testimony, on the ground that there was evidence tending to show such common intent or purpose. The plaintiff excepted. The defendant thereupon proved by Wooster declarations of William T. Cuyler, made in August, 1857, after the execution of the assignment, as to its object, and his wish that the witness should cover up his property, and be as poor as he could, &c. Also William T. Cuyler's controversies with the witness as to the management of the assigned property, and his wishes in regard to the disposition of it. Under the same objection and exception Asa D. Smith was permitted to testify to declarations of George M. Cuyler and William T. Cuyler in reference to the assignment; the intent with which it was made; transactions with them in regard to the property, &c., all happening after the assignment, in August, 1857. Ephraim Willard was also allowed, under the same objection, to testify to declarations of George M. Cuyler, made after the assignment, to the effect that they had fixed their affairs so as to save something from their creditors; and to declarations of Stephen P. Slocum, made in May, 1859. Hugh McCartney was permitted to give evidence of George M. Cuyler's declarations, verbal and in writing, made in December, 1857, by which he claimed certain other property to be his. A. M. Wooster was permitted to testify to acts and declarations of W. T. and Geo. M. Cuyler in October, 1857, in regard to other property. At none of the conversations was the plaintiff present. Nor was he shown to have had any thing to do with William T. Cuyler, or his debts, to have known his plans, or even to have held at any time any communication with him or Geo. M. Cuyler.

The jury found a verdict for the defendant, and assessed the value of the property at $2000.

*Geo. F. Danforth,* for the plaintiff.

*Scott Lord,* for the defendant.

*By the Court,* WELLES, J. It is a general principle of the law of evidence that the declarations or admissions of one not a party to the action cannot be received in evidence, unless they constitute a part of the *res gestœ.* To this rule there are exceptions; as in cases of privies in blood, in estate and law; of deceased persons against their interests; of one copartner against another; and of an agent against his principal—together with other kindred cases—in which the admissions &c. made by a privy, in order to be admissible, must have been made while he owned the estate of the deceased person, while his interest existed; of the partner, while the partnership or joint interest existed; and of the agent, cotemporaneously with some act of the agent within the scope of his agency, to which the declarations or admissions relate. Another case where the declarations of persons other than parties to the action may be proved, and resting upon the same principles as those before stated, is that of a company of conspirators or persons engaged in a common design to accomplish an unlawful act, where the result to be effected by such common design is material upon the issue to be tried. "The connection of the individuals in the unlawful enterprise being shown, every act and declaration of the confederacy, in pursuance of the original concerted plan, and with reference to the common object, is, in contemplation of law, the act and declaration of them all, and is, therefore, original evidence against each of them." * * * In such case "care must be taken that the acts and declarations, thus admitted, be those only which were made and done during the pendency of the criminal enterprise, and in furtherance of its objects. If they took place at a subsequent period, and are therefore merely narrative of past occurrences,

Jones *v.* Hurlburt.

they are to be rejected." (1 *Gr. Ev.* § 111. *Waterbury* v. *Sturtevant,* 18 *Wend.* 353.)

On the trial of the present case the plaintiff gave evidence which, *prima facie,* entitled him, under the pleadings, to a verdict, and rested. His title to the personal property, to recover which the action was brought, was derived through a chattel mortgage given by John P. Slocum to the plaintiff to secure the payment of a note of Slocum for $1200, indorsed by the plaintiff, dated September 1, 1859, and payable in three months, at a bank in Rochester; a sale under the mortgage, and the property on that sale purchased by and for the plaintiff; and that Slocum was in possession of the property, claiming title at the time the mortgage was given. The defendant, after he and William R. Wooster had been examined as witnesses in his behalf, proposed to prove the declarations of William T. Cuyler, George M. Cuyler, Stephen P. Slocum and the plaintiff, on the ground, as stated in the case, "that the evidence educed proved, or tended to prove, a common intent or purpose to hinder, delay or defraud the creditors of William T. Cuyler, and for the purpose, also, to introduce the assignment of said Cuyler; and evidence of other sales, transactions and conveyances, including the mortgage in question and the prior mortgage made for such purpose, in accordance with the allegations in the answer of the defendant and the opening of his counsel." He proposed, 1st. To prove the declarations of said William T. Cuyler relating thereto. The counsel for the plaintiff objected to such evidence, on the grounds: 1. That evidence of the declarations of said Cuyler were incompetent, against the plaintiff, and were mere hearsay. 2. That there was no evidence tending to show said alleged common intent. The circuit judge overruled the objection, and decided to receive the evidence offered, on the ground that there was evidence tending to show such common intent or purpose, which would be among the questions for the jury. To which decision the counsel for the plaintiff in due form of law excepted. Evi-

dence was then given, by a number of witnesses, of a variety of declarations and acts of the said William T. Cuyler and George M. Cuyler, and some of Slocum, tending to show that the assignment by William T. Cuyler of his property to George M. Cuyler and William B. Wooster, in trust, for the benefit of the creditors of the assignor, which was given in evidence, was fraudulent and void, but none, of the plaintiff, tending in the slightest degree to implicate him in such fraud, or in any combination with the others or any one else, with intent to hinder, delay or defraud the creditors of William T. Cuyler. The answer of the defendant, to the complaint, states that the plaintiff claims the property in question by virtue of a mortgage from Stephen P. Slocum, and that Slocum claims the same by purchase from George M. Cuyler and William B. Wooster, the assignees of William T. Cuyler; and it then alleges that the assignment was made for the purpose of hindering, delaying and defrauding his creditors, and for no other purpose, and that the same was therefore void. I think it should be assumed from the course of the trial at the circuit, and of the arguments of counsel on this motion, that Slocum did derive his title by purchase from the assignees of William T. Cuyler, and that such purchase was before the levy by the defendant by virtue of the execution in his hands.

In my opinion the rulings at the circuit admitting evidence of the delarations of William T. Cuyler and the other persons mentioned were erroneous. There was nothing proved, before this evidence was admitted, showing a combined common purpose of any persons with the plaintiff to hinder, delay or defraud the creditors of William T. Cuyler. If the assignment was made with a view to defraud the creditors of the assignor, it was void and inoperative as to such creditors. Assuming it was valid by its terms, but void for the reason mentioned, I incline to the opinion that any transfers of the assigned property by the assignees before the lien of the creditor attached, to *bona fide* purchasers for value and who

Jones *v.* Hurlburt.

were not chargeable with notice of the fraud, would be good and effectual. For the purpose of the question under consideration, it is proper to assume that the sale of the property in question, by the assignees, to Slocum, was a legal sale, and vested the title in Slocum. This must be assumed, because there is no evidence to the contrary. The fact that he derives his title from the assignees is itself assumed, as before stated, and there is an entire absence of evidence either of any agency, knowledge or participation of the defendant in the assignment which is alleged to be fraudulent, or of his participation in any of the subsequent transactions which are now alleged to be *indicia* of fraud in the assignment, which by any reasonable interpretation can be made to implicate him in a fraudulent intent.

Before evidence of the acts and declarations of persons not parties to the action can be properly received in evidence, in cases of this character, the common unlawful design should be clearly proved, as a condition precedent to receiving evidence of such acts and declarations at all. Evidence which is merely admissible on the question of the common illegal purpose, is not sufficient. On the trial of almost every issue of fact, evidence is admissible which, taken by itself, falls entirely short of establishing the fact to be proved, but which, taken in connection with other competent evidence, which is equally insufficient of itself to establish the fact in question, satisfactorily establishes the fact to be proved. The most that can be said in support of the evidence given with a view to establish the fact either that there was an unlawful compact for the purpose mentioned, or the connection of the plaintiff with it, if one existed, is that such evidence was competent upon the question, but insufficient to establish the fact.

The common purpose, as before remarked, must be clearly proved. Evidence which might be sufficient to submit to a jury on a question proper to be submitted to them, will not answer the requirement. It should be so strong as to make

it their imperative duty to find in the affirmative, if the question were to be submitted to them, and where the court would set their verdict aside in case they did not so find.

But this was not a question with which the jury had any thing to do. It should be confined exclusively to the court. The judge merely held that there was evidence tending to show a common intent or purpose, which would be among the questions for the jury. He nowhere says that the fact was proved to his satisfaction, or, in the language of some of the authorities, that it was clearly proved. It is of the utmost importance that this view be strictly adhered to, in order to prevent great injustice; otherwise parties will be liable to have their rights determined upon the unsworn declarations and the irresponsible acts of others with whom they have had in fact no connection; as I think is strikingly illustrated by the present case, should the verdict be permitted to stand. The case, in principle, is very much like the case of an objection to the competency of a witness on the ground of interest in the result, before the code took away that objection. In such case the court, and not the jury, was to be the exclusive judge of the competency of the witness. The objection generally depended upon evidence of witnesses, including the witness challenged, which was always addressed to, and determined by, the court. (*Harris* v. *Wilson*, 7 *Wend.* 57.) The case does not give the charge of the court to the jury, but it shows that the evidence objected to was received on the ground that it tended to show the common intent and purpose, which would be submitted to the jury; and the presumption is that it was so submitted.

In *Harris* v. *Wilson*, (*supra*,) it was held that evidence received by a judge on the trial of a cause, as *preliminary* to the introduction of other evidence, is not to be submitted to the jury; that it is the province of the judge, and not of the jury, to pass upon its sufficiency. Accordingly, where proof of the admissions of an alleged partner was offered, it

was held the province of the judge, and not of the jury, to pass upon the fact whether he was such·partner or not.

It is impossible, it seems to me, to distinguish this case, in principle, from the one before us, in regard to the question under consideration.

I am aware that there are some authorities in favor of submitting the question of the common intent to the jury, but I have ·met with none which is binding authority upon this court; and a sense of the great danger of such a practice has induced me to overrule or disregard them.

For the foregoing reasons I am of the opinion that a new trial should be granted, with costs to abide the event.

[MONROE GENERAL TERM, March 2, 1863. *Johnson, Welles* and *Davis,* Justices.]