Masten, J.
—The testimony of the witness Parker, upon his cross-examination, tended to prejudice the plaintiff, in the maintenance of this action. It came from the lips of his own witness, and in his presence, and, if uncontradicted, would naturally detract from the credit which the jury might otherwise give to the' testimony of the plaintiff as a witness. It furnished the subject for comment by the counsel of the defendant, and tended to impress upon the minds of the jurors, that the plaintiff was conscious of the untruthfulness of his claim, and of the necessity of fabricating testimony to support it. A party may assail his adversary’s witness by attacking his general credit; that is, his character as a credit-worthy man. Or, without making an attack upon his general credit or character, may assail his credit in the particular action—his particular credit.
There is an important, and well settled distinction in the mode of assailing the general, and the particular-credit of a witness. It has occasionally been lost sight of. The general credit of a witness, can only be shown, or impeached, by proof of his general character and reputation as a moral and truthful man ; and it is not permissi *234 "ble to prove particular facts, or specific acts, tending to show that he is not a credit-worthy man-. If, upon cross-examination, the witness denies a particular fact or act going to his general credit merely, he cannot be contradicted (1 Phill. Ev., 291 ; 1 Greenl. Ev., §§ 449, 461).
The particular credit of the witness in the action, may be affected or impeached by proof of particular facts ; as interest in the event of the action, consanguinity, connection in business, &c. &c., with the’party calling him ; hostility, &c. &c., to the party against whom he is called ; and especially his conduct in the action. And if,, on cross-examination, he denies a fact or act going to his particular credit in the action, he may be set right by contradiction (Cow. & H. Notes to Phill. Ev., notes 509, 530, 581, 596 ; McQueen’s Case, 6 Eng. Com. Law, 129; Rex v. Yerwin, 2 Campb., 638 ; 8 East, 638 ; Rixey v. Bayse, 4 Leigh, 330 ; Starks v. People, 5 Den., 108 ; Morgan v. Frees, 15 Barb., 352 ; Newton v. Harris, 6 N. Y. [2 Seld.] 345).
The distinction in the mode of impeaching a witness, in respect to his general and particular credit, is illustrated in Yerwin’s Case. In that case, the prosecuting witness, on his cross-examination, denied that he had been accused of robbing the defendant, or that he had said that he would be revenged on him, and would soon fix him in jail. Evidence to contradict him as to the charge of robbing (this touching his general credit only), was excluded ; but evidence as to his threat '(this going to particular credit in .the cause), was admitted.
The rejected evidence, so far as the witness Parker was concerned, was not very material. The inquiry as to him was, under what state of mind and feelings was he giving his evidence ? It would probably make no difference with him, if he believed that he had a promise of reward, whether such was the fact or not. But, the statements of the witness Parker, on his cross-examination, were damaging to the plaintiff as a party to the aclion, and to his credit as a witness in the action. The fact that he was a party to the action, and interested in the event of it, *235 touched his credit as a witness, and required that his testimony should be cautiously received, and carefully scrutinized. If to those, the fact be added, that he had cor- ■ rupted, or attempted to corrupt, witnesses in the action, his testimony should, and probably would, be rejected by the jury, as unworthy of belief.
These statements of Parker related to the conduct in the action of the plaintiff, and touched his particular credit as a witness therein. The fact stated by Parker was therefore issuable ; that is, both parties had the right to give evidence in respect to it. If the witness Parker had denied it, the defendant had the right to establish the fact by other evidence. If the plaintiff had, on his cross-examination, denied the fact, the defendant would not have been concluded by his answer, but would have been' at liberty to show the truth by other evidence.
I am of the opinion that the offered evidence should have been received.
It is not necessary to decide whether the rejected evidence would have been admissible, if the plaintiff had not been a witness on his own behalf. It would seem from McQueen’s Case, supra, that it would have been.
It was said upon the argument, that a party cannot impeach his own witness. If the learned counsel had added, by evidence introduced for that sole purpose, he would have stated the rule correctly.
When a witness states a particular fact, which it is material for the party who called him to controvert, he is at liberty to prove the truth in respect to such fact, even though such proof would tend to affect the credit of the witness (Thompson v. Blanchard, 4 N. Y. [4 Comst.] 303).
There must be a new trial.
Clinton, J., concurred.
New trial ordered.