<em>Mandamus refused.</em>

---

GULF, COLORADO & SANTA FE RAILWAY COMPANY v.
OCEANA JOHNSON.

No. 1262. Decided January 28, 1904.

**Witness—Conviction of Crime—Cross-Examination—Impeachment.**

One asking an adverse witness, in cross-examination, whether he has been in the penitentiary as a convict and receiving a negative answer, can not contradict it by proving that he had been so convicted and confined. (P. 264.)

Question certified from the Court of Civil Appeals for the First District, in an appeal from Harris County.

*J. W. Terry* and *A. H. Culwell*, for appellant.—In the trial of a civil case the impeachment of a witness must be by general evidence only, and not by evidence as to particular facts or acts, for which reason it is incompetent to show for the purposes of impeachment that a witness has been confined in the penitentiary. Such evidence only tends to unduly prejudice the witness. Gulf C. & S. F. Ry. Co. v. Johnson, 83 Texas, 633; Fire Ins. Co. v. Faires, 13 Texas Civ. App., 111; Boon v. Weathered, 23 Texas, 675; Wier v. McGee, 25 Texas Supp., 21; Dillingham v. Ellis, 25 S. W. Rep., 618; Hill v. Dons, 37 S. W. Rep., 638; Crawleigh v. Galveston H. & S. A. Ry. Co., 28 Texas Civ. App., 260; Howard v. Commonwealth, 61 S. W. Rep., 759; Herring v. Patten, 18 Texas Civ. App., 147; Pennsylvania Co. v. Bray, 125 Ind., 229; Cockrill v. Hall, 76 Cal., 192; Landa v. Obert, 5 Texas Civ. App., 620; 1 Greenl. on Ev., sec. 461.

Even if it were competent in the trial of a civil case to impeach a witness by proving specific acts, which, however, is not admitted, still

the evidence tending to prove such acts must be the best evidence to be obtained, and not secondary evidence, and in this case the best evidence as to the conviction and sentence of the witness would be the judgments thereof, and no satisfactory reason is given for the nonproduction of the same. Tinsley v. Penniman, 83 Texas, 56; Holt v. Maverick, 24 S. W. Rep., 532; Bass v. Mitchell, 22 Texas, 293; Newcomb v. Griswold, 24 N. Y., 298; Bell v. Jamison, 102 Mo., 71; 3 Jones on Ev., sec. 834; Allerkamp v. Gallagher, 24 S. W. Rep., 372.

If it was competent to show that this witness had been confined in the penitentiary, still a certified copy of the record kept by the penitentiary officials was the best evidence thereof, which was not produced, and in the absence of the same plaintiff should not have been permitted to show by oral evidence what was contained in the records. Sayles' Stats., arts. 2306, 3667; Bass v. Mitchell, 22 Texas, 293.

It is incompetent in the trial of a civil case to impeach a witness upon an immaterial issue, and it was an immaterial issue in this case as to whether or not George Downs had ever been in the penitentiary. Noel v. Denman, 76 Texas, 306; Dimmitt v. Robbins, 74 Texas, 445; Kennett v. Engle, 105 Mich., 693; Brackett v. Weeks, 43 Me., 291; Carr v. West E. St. Ry. Co., 163 Mass., 360.

A party will not be permitted to impeach his own witness, and it appearing that the plaintiff had made George Downs his witness, and had proven by him that he had not been confined in the penitentiary, he ought not to be permitted to impeach him upon that question. Goree v. Goree, 22 Texas Civ. App., 73; Paxton v. Boyce, 1 Texas, 325; Craig v. Grant, 6 Mich., 447; Richards v. State, 82 Wis., 172.

*Geo. B. Griggs* and *Burke & Tarver,* for appellee.—For the purpose of impeaching the credibility of a witness, it may be shown that such witness has been imprisoned for the commission of a felony. This rule is applicable to both civil and criminal practice alike. The common law practice, in its application to the rules of evidence, is made mandatory by the statutes of Texas, in both civil and criminal cases when not in conflict with the code. Rev. Stats. (1895), art. 2299; Code of Crim. Proc. (1895), arts. 763, 764; Texas & P. Coal Co. v. Lawson, 10 Texas Civ. App., 491; Ingersol v. McWillie, 30 S. W. Rep., 60; Linz v. Skinner, 11 Texas Civ. App., 512; Heath v. White, 39 S. W. Rep., 123; Carrol v. State, 32 Texas Crim. App., 431; Bratton v. State, 31 S. W. Rep., 379; Floyd v. State, 35 S. W. Rep., 969; Darbyshire v. State, 36 Texas Crim. App., 547; Lights v. State, 21 Texas Crim. App., 308; Wharton on Ev., 2 ed., secs. 564, 567.

The certificate of the superintendent of penitentiaries of the record of a certain convict while confined therein is made admissible in evidence by statute, and is competent to prove all that the penitentiary record contains of a convict. Rev. Stats. (1895), arts. 2306, 3667.

A party may introduce the testimony of his adversary and contradict it. Cook v. Carrol L. & C. Co., 39 S. W. Rep., 1006.

When a witness is cross-examined he may be asked any question which tends (1) to test his accuracy, veracity, or credibility, or (2) to shake his credit by injuring his character. Carrol v. State, 39 S. W. Rep., 100; Evansich v. Railway Co., 61 Texas, 28; Real v. People, 42 N. Y., 270; Thompson on Trials, sec. 458; Greenl. on Ev., 455, 459; Best on Ev., 130; Wharton on Ev., 397, 567.

The interrogatory propounded to Julia Downs and the answer thereto being the proof of the identity of the person George Downs, showing that he was the same George Downs as the ex-convict who had been in the penitentiary for a felony, the nature of which crime was already before the jury, was thoroughly competent to prove identification, if for no other purpose. It was competent, however, for all purposes as to the matter of impeachment. Cases above cited, and Evans v. Martin, 6 Texas Civ. App., 336; Byers v. Wallace, 87 Texas, 503; Red River Cattle Co. v. Wallace, 33 S. W. Rep., 301; McNeil v. O'Connor, 79 Texas, 227; Chamblee v. Tarbox, 27 Texas, 139; Robertson v. Dubose, 76 Texas, 1; Wise v. Wynn, 59 Miss., 588; Cuddy v. Brown, 78 Ill., 415; Insurance Co. v. Rosenagle, 77 Pa. St., 507.

Where a witness has been convicted of a crime carrying with it the idea of moral and legal turpitude, such fact may be shown as evidence tending to affect his credibility. Goode v. State, 32 Texas Crim. App., 505.

BROWN, Associate Justice.—This is a certified question from the Court of Civil Appeals for the First Supreme Judicial District. The statement and questions are as follows:

"Appellee, who is a minor, brought this suit against the appellant by her next friend to recover damages for personal injuries alleged to have been inflicted upon her through appellant's negligence. The petition alleges in substance that on or about July 1, 1894, while plaintiff, who was then an infant about three months old, was lying in her cradle in her home near the railroad track of defendant in the city of Houston, said cradle and the covering thereon was set on fire by sparks emitted from a passing engine operated by defendant over its said railroad, and said fire was communicated to the clothing and person of plaintiff and she was thereby painfully and severely burned and injured. It is further alleged that said engine was equipped with defective appliances to prevent the escape of sparks and was operated in an improper and careless manner, and that the injury to plaintiff was due to the negligence of defendant in failing to properly equip said engine and in operating same in a careless manner.

"The defendant answered by a general demurrer and general denial. The cause was tried by a jury in the court below and resulted in a verdict and judgment for the plaintiff in the sum of $3500.

"One of the material issues raised by the evidence was whether the fire by which plaintiff was burned originated from sparks emitted by defendant's engine or from a burning cigar which plaintiff's father, W.

T. Johnson, was smoking in the room in which plaintiff was lying when her clothing became ignited.  Upon this issue the evidence was sharply conflicting, W. T. Johnson and other witnesses for plaintiff testifying that he was not smoking in plaintiff's room at or near the time the fire was discovered.  Several witnesses for the defendant contradicted this testimony.

"George Downs was one of defendant's witnesses who testified to the effect that just before the fire was discovered in plaintiff's clothing he saw W. T. Johnson sitting in the window near plaintiff's cradle smoking a cigar.  On cross-examination this witness was asked where he was on certain days in the months of January, March and April, 1894, and in reply stated he was in or near the city of Houston on the several dates named.  He was then asked if he had ever been in the penitentiary, and replied that he had not.

"For the purpose of impeaching this witness plaintiff introduced, over the objection of the defendant, the testimony of J. S. Rice, who stated that he was the superintendent of the State penitentiary at Huntsville and had charge of the records of that institution, and attached to his deposition a certificate purporting to contain a copy of said prison records as the same related to a convict named George Downs.  This certificate shows that an inmate of the penitentiary named George Downs was convicted in the District Court of Hardin County, at the March term, 1893, of theft of property over the value of $20, and was sentenced by said court on 3d day of March, 1893, to two years confinement in the penitentiary; and that he was received in the penitentiary on the 12th of April, 1893, and served there for one year and fourteen days, having been pardoned in April, 1894.  Plaintiff then proved by Julia Downs, mother of the witness, George Downs, that said witness was the George Downs mentioned in the certificate attached to the testimony of the witness Rice.

"To the introduction of this testimony the defendant, as shown by the bill of exceptions appearing in the record, made the following objections:  'To all of which questions the defendant objected, it appearing that the purpose of said testimony was simply to impeach said witness George Downs, who had testified in this case on behalf of the defendant, and who had said, in response to a question propounded to him by plaintiff herein, that he had not been in the penitentiary.  The defendant therefore objected to the testimony on behalf of the plaintiff by J. S. Rice, for the reason that such was not the proper way to prove that a man had been convicted for a crime.  The same was secondary evidence, and was not the best evidence of such conviction, and further that the law required penitentiary officials to keep a record of the men confined in said penitentiary, and therefore that a certified copy of such record should be produced and not a statement from a witness as to what such record contained.  That same was secondary evidence, and further, because it was not shown that the witness was the keeper of the prison records, and for the further reason that this was an attempt to impeach

the witness George Downs upon an immaterial issue, and that he could not be impeached in the trial of a civil case by showing that he had been confined in prison.'

"It was not shown by any other evidence in the case that George Downs had ever been in the penitentiary.

"Upon the foregoing statement we respectfully certify for your de-. cision the following questions:

"Did the trial court err in refusing to sustain defendant's objection to the testimony of the witness Rice?

"In event the court should hold that the testimony was inadmissible upon the ground that it was not the best evidence of the fact sought to be proven, we ask, in view of another trial, that the question of whether the fact that the witness had been in the penitentiary was admissible for the purpose of impeaching his character, be also answered."

We answer that the trial court erred in not sustaining the defendant's objections to the evidence of the witness Rice. The plaintiff's counsel had no right to ask the witness Downs if he had been in the penitentiary, and after receiving a negative answer, to contradict the witness by proving that he had been confined in the penitentiary. If such question be asked, the answer must be accepted as final. People v. McKeller, 53 Cal., 65; Lawrence v. Barker, 5 Wend., 305; Hart v. State, 15 Texas Crim. App., 233; Hill v. State, 18 Texas Crim App., 673; 1 Greenl. Ev., sec. 449.

"Whether the fact that the witness had been in the penitentiary was admissible for the purpose of impeaching his character" has not arisen in this case. It is an abstract question which may never arise and we have no authority to answer it.